**STATE OF MISSISSIPPI**



**JIM HOOD**
ATTORNEY GENERAL

**CIVIL LITIGATION DIVISION**

December 2, 2015

**VIA ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

   Re: *Google Inc. v. James M. Hood III*, Case 15-60205
     Response to Rule 28(j) Letter

Dear Mr. Cayce,

  I write in response to Google's Rule 28(j) letter concerning the Seventh Circuit's decision in *Backpage.com v. Dart*, No. 15-3047.[1] While that decision reversed the denial of a preliminary injunction, the reasons for reversal do not exist in this case.

  *First*, Google pays short shrift to the circumstances in *Backpage.com*. There, a sheriff embarked on a "campaign of starving [Backpage.com] by pressuring credit card companies to cut ties with its website." *Id.* at 2. The sheriff sought to "crush" the company's adult section by placing a prior restraint on "future speech." *Id.* at 2, 4, 12. Here, Google filed suit after the issuance of a non-self-executing state administrative subpoena that does not force Google to change its business practices in any manner—let alone place a restraint on speech.

  In a similar vein, the court in *Backpage.com* took the sheriff to task for not "going after" and suing "Backpage itself." *Id.* at 3. Here, we are a step removed from the lawsuit contemplated by the Seventh Circuit. The Attorney General seeks only to investigate Google—an investigation that may reveal a lawsuit is <u>not</u> necessary. Appellant Br. at 16.

---

  [1] The decision is attached to Google's 28(j) filing.

*Second*, the Seventh Circuit reinforced that "irreparable injury is the essential condition of preliminary relief." *Backpage.com* at 18. The injury found there was termed as "Backpage [being] doomed." *Id.* at 18. And the court went on to note that Backpage's "only remedy is an injunction[.]" *Id.* at 19. Needless to say, an administrative subpoena does not "doom" Google, and the company flouted the host of remedies available to it. Appellant Reply Br. at 6.

*Third*, the crafted injunction in *Backpage.com* was narrow and factually specific. *Backpage.com* at 19-20. Here, the court's injunction generally prohibits the "filing of charges" against Google for third-party content. ROA.2107. At the same time, though, the court never determined what third-party content is (and is not), ROA.2101, and shutting down the investigation stopped the Attorney General from doing the same.

In short, *Backpage.com* only further demonstrates why the court's grant of injunctive relief to Google cannot stand.

Respectfully submitted,

/s/ *Krissy C. Nobile*

Krissy C. Nobile

cc: All counsel of record via ECF